```
                IN THE UNITED STATES DISTRICT COURT FOR THE

                       EASTERN DISTRICT OF CALIFORNIA


GARY W. HALL,                    )     No. CV-F-05-1529 REC LJO
                                 )
              Plaintiff,         )     ORDER DENYING DEFENDANT
                                 )     PIETSCH AIRCRAFT
         vs.                     )     RESTORATION AND REPAIR,
                                 )     INC.'S MOTION FOR DISMISSAL
NELSON AIRCRAFT SALES, INC.,     )     FOR LACK OF JURISDICTION.
a North Dakota corporation,      )
JASON NELSON, an individual,     )     (Doc. 28)
PIETSCH AIRCRAFT RESTORATION     )
AND REPAIR, INC., a North        )
Dakota corporation, HOLLIE       )
"RED" EWING, an individual,      )
and DOES 1 through 100,          )
                                 )
              Defendants.        )
                                 )
_____)
```

On April 3, 2006, the Court heard Defendant Pietsch Aircraft Restoration and Repair, Inc.'s Motion for Dismissal for Lack of Jurisdiction (the "Motion"). Upon due consideration of the written and oral arguments of the parties and the record herein, the Court DENIES the Motion, as set forth herein.

**I.   Factual Background**

This case involves the circumstances surrounding a North Dakota resident's sale of an airplane to a purchaser in

1

California. This Motion concerns whether this Court has personal jurisdiction over Defendant Pietsch Aircraft Restoration and Repair, Inc. ("Pietsch"). Pietsch, a North Dakota corporation based in Minot, North Dakota, inspected the airplane prior to the completion of the sale and allegedly made false representations or material omissions regarding its airworthiness.

In or around April 2005, Defendants Nelson Aircraft and Mr. Nelson (collectively "Seller") – who have not joined in this Motion – placed a listing in "Trade-A-Plane," a national publication. The listing advertised a 1968 Cessna 177 ("the Aircraft") that Seller wished to sell: "1968 177, LOW TOTAL TIME A+E, 1600 TT. Very clean aircraft, no damage history, no hail, paint-7, interior-9, looks/flies excellent, needs nothing, $34,900. ND/(701)838-1998." Compl. ¶ 17.[1]

Plaintiff Gary W. Hall ("Plaintiff"), a California resident, called Seller to inquire about the Aircraft. Plaintiff entered an oral agreement to purchase the Aircraft from Seller. Plaintiff asked Seller to provide the names of independent inspectors in North Dakota who could perform a pre-buy inspection of the Aircraft. Seller referred Plaintiff to Pietsch, which

---

[1] Because the Complaint has been verified by Plaintiff, the Court will treat it as if it were an affidavit with respect to facts of which Plaintiff has personal knowledge. See, e.g., Leonard A. Feinberg, Inc. v. Cent. Asia Capital Corp., 936 F. Supp. 250, 255 (E.D. Pa. 1996) (deciding, for the purposes of determining whether plaintiff had made a prima facie case for personal jurisdiction, to "consider the verified Complaint a submission in support of Plaintiff's position" and to "afford it the same consideration I would an affidavit"); Salomon Smith Barney v. McDonnell, 201 F.R.D. 297, 303 (S.D.N.Y. 2001).

2

1 Seller called "my mechanic."  Hall Decl. ¶ 3.

2     On or about April 20, 2005, Plaintiff called Pietsch to
3 arrange a pre-buy inspection of the Aircraft.  Pietsch stated
4 that it would inspect the Aircraft for mechanical or structural
5 damage and test the instruments for deficiencies.  Pietsch also
6 indicated it would inspect all records, flight logs, and annuals
7 of the Aircraft and document any damage it discovered.

8     On or about April 21, 2005, Pietsch told Plaintiff over the
9 telephone that the inspection revealed only minor deficiencies
10 and no major damage.  Pietsch reported that it did not have time
11 to perform the annual inspection that would be due in several
12 weeks.  Pietsch sent Plaintiff a copy of the inspection report by
13 facsimile.

14     When Plaintiff took his first flight in the Aircraft on May
15 13, 2005, he discovered that its avionics were not operating.
16 Compl. ¶ 28.  On May 16, 2005, a third-party inspection of the
17 Aircraft revealed it to be in an "UNAIRWORTHY CONDITION."  Compl.
18 ¶ 30.  Entries in the Aircraft Log indicated the Aircraft had
19 previously suffered damage on multiple occasions.[2]  Compl. ¶ 29.

20

---

21     [2]According to the Aircraft Log, on April 24, 1980, the right-hand main gear bolt, two ribs in the stabilator, and pop rivets in
22 the right-hand door post were replaced due to shear.  Compl. ¶ 29.
The Log also revealed that on May 18, 1982, door damage was
23 repaired.  Id.  Microfiche reports on the Aircraft revealed that on
October 29, 1970, a Federal Aviation Agency Major Repair and
24 Alteration for identified thirty-five parts that had been installed
because of damage, including aft fuselage assembly, propeller, prop
25 bulkhead, lower and upper firewall, cabin door, and floor board.
Id.
26

3

1 The Aircraft remains grounded. Hall Decl. ¶ 8.

2 **II. Procedural History**

3 On November 7, 2005, Plaintiff filed this lawsuit, seeking to recover from Pietsch on intentional and negligent misrepresentation theories. On March 2, 2006, Pietsch filed this Motion, along with the supporting Declaration of Warren Pietsch.[3] On March 17, 2006, Plaintiff filed its Opposition to the Motion and the supporting Declaration of Gary W. Hall. Plaintiff claimed that specific jurisdiction was appropriate because Pietsch had purposefully directed intentionally tortious conduct toward California. Pietsch did not file a Reply or appear at oral argument.

13 **III. Discussion**

14 **A. Legal Standard**

15 Plaintiff has the burden to establish a court's personal jurisdiction over a defendant. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001). Where the district court rules on the motion to dismiss without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion. Id. This requires a plaintiff to demonstrate facts that, if true, would support jurisdiction over defendant. Id. "Although the plaintiff cannot 'simply rest on the bare allegations of its complaint,' uncontroverted

---

[3] Only Defendant Pietsch brings this Motion. On March 9, 2006, the Court denied Defendants Nelson Aircraft and Mr. Nelson's motion to dismiss for lack of personal jurisdiction.

4

1 allegations in the complaint must be taken as true."
2 Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th
3 Cir. 2004) (internal citations omitted).  Conflicts between facts
4 contained in the parties' affidavits are resolved in Plaintiff's
5 favor.  AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588
6 (9th Cir. 1996).  "If the Court denies a Rule 12(b)(2) motion
7 because a prima facie case has been shown, the movant can
8 nevertheless put the opposing party to its proof by continuing to
9 contest personal jurisdiction, either at a pretrial evidentiary
10 hearing or at the trial itself."  Ado Fin., AG v. McDonnell
11 Douglas Corp., 931 F. Supp. 711, 717 (C.D. Cal. 1996) (citing
12 Metro. Life Ins. Co. v. Neaves, 912 F.2d 1062, 1064 n. 1 (9th
13 Cir. 1990)).  Where facts bearing on jurisdiction are
14 "intertwined with the merits of the action" determination of
15 jurisdiction at trial is preferable.  Id. at 714 (citing Data
16 Disc, Inc. v. Sys. Tech. Assocs., 557 F.2d 1280, 1285-86 n. 2
17 (9th Cir. 1977)).

18     In ruling on a motion to dismiss for lack of personal
19 jurisdiction in California, a court must consider:  (1) whether a
20 state statute potentially confers personal jurisdiction over the
21 nonresident defendant, and (2) whether the exercise of
22 jurisdiction accords with federal constitutional principles of
23 due process.  Congoleum Corp. v. DLW Aktiengesellschaft, 729 F.2d
24 1240 (9th Cir. 1984) (citing Data Disc, 557 F.2d at 1285-86).
25 California's long-arm statute, California Civil Procedure Code
26 section 410.10, authorizes state and federal courts to exercise

5

personal jurisdiction to the full extent permitted by the Constitution. Congoleum Corp., 729 F.2d at 1241.

Due process limitations on state power require that the defendant have certain "minimum contacts" with the forum such that haling it into court there "does not offend 'traditional notions of fair play and substantial justice.'" World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

### B.   Specific Jurisdiction

A defendant is subject to specific jurisdiction only when each of three elements exist: (1) the "nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct, (2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable." Roth v. Garcia Marquez, 942 F.2d 617, 620-21 (9th Cir. 1991).

#### 1.   Purposeful Direction

Courts use the phrase "purposeful availment" as shorthand to refer to both purposeful availment and purposeful direction. Schwarzenegger, 374 F.3d at 802. The purposeful availment prong is satisfied where the nonresident defendant has "purposely availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" or has purposefully directed its activities toward the

1  forum.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.
2  Ct. 2174, 85 L. Ed. 2d 528 (1985); Dole Food Co. v. Watts, 303
3  F.3d 1104, 1111 (9th Cir. 2002).  Courts generally use a
4  purposeful availment analysis for suits sounding in contract and
5  purposeful direction analysis for suits sounding in tort.
6  Schwarzenegger, 374 F.3d at 802.

Plaintiff claims that personal jurisdiction is appropriate on a purposeful direction theory.  Plaintiff contends that Pietsch committed a tort when it made intentional misrepresentations in connection with the sale of the Aircraft. Courts analyze the purposeful direction of intentional torts under the "effects" test.  Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984).  The effects test dictates that the purposeful availment requirement is met where defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  Dole, 303 F.3d at 1111.

### a. Intentional Act

Plaintiff alleges Pietsch directed intentionally tortious acts toward the forum that satisfy the first requirement.  "The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  See Agosta v. Astor, 120 Cal. App. 4th 596, 603 (2004) (quoting 5 Witkin, Summary of Cal.

7

1  Law (9th ed. 1988) Torts, § 676, p. 778.).

2  When Plaintiff contacted Pietsch to perform a pre-buy
3  inspection, Pietsch told him that as part of the inspection it
4  would "document any structural or mechanical damage or corrosion,
5  instrument deficiencies, inspect all records, flight logs, and
6  annuals pertaining to the subject aircraft, and document any
7  damage to the subject aircraft."  Hall Decl. ¶ 4.

8  Following the inspection, Pietsch informed Plaintiff by
9  telephone that it did not have time to perform the annual
10 inspection of the Aircraft that was due in several weeks.  Hall
11 Decl. ¶ 5.  It is not clear whether Pietsch intended this
12 statement to inform Plaintiff that it had not conducted some of
13 the inspection tasks that it had initially promised.
14 Nevertheless, Pietsch represented that the inspection "revealed
15 only minor deficiencies and disclosed no major damage."  Hall
16 Decl. ¶ 5.  Pietsch does not deny that it made any of these
17 representations.  Pietsch claims that its only connection with
18 California was "*a* telephone call" rather than two telephone calls
19 as Plaintiff contends.  Pietsch Decl. ¶ 6 (emphasis added).  At
20 this stage, the Court will resolve this conflict in the
21 affidavits in favor of Plaintiff.  See AT&T, 94 F.3d at 588.

22 The representations of Pietsch that the Aircraft did not
23 have major damage induced Plaintiff to complete the purchase of
24 the Aircraft and pay $360 for the pre-buy inspection.  Compl.
25 ¶ 32.  Plaintiff claims that Pietsch knew the representations
26 that it made were false.  Compl. ¶ 31.  On May 13, 2005, when

8

1  Plaintiff took his first flight in the Aircraft, its avionics
2  were not operating.  Compl. ¶ 28.  On May 16, 2005, Sierra West
3  Airlines performed an annual inspection of the Aircraft and found
4  it to be in an "UNAIRWORTHY CONDITION."  Compl. ¶ 30.  The
5  Aircraft Log indicated the Aircraft had previously suffered
6  damage on multiple occasions.  Compl. ¶ 29.
7       Plaintiff has made a prima facie showing that Pietsch's
8  representations and omissions regarding the condition of the
9  Aircraft amount to fraud giving rise to the tort of deceit.  See
10 Agosta, 120 Cal. App. 4th at 603.  Thus, Plaintiff has met the
11 first requirement of purposeful direction.

### b. Aimed at the Forum

13      Second, an intentional act is expressly aimed at the forum
14 when "'the defendant is alleged to have engaged in wrongful
15 conduct targeted at a plaintiff whom the defendant knows to be a
16 resident of the forum state.'"  Dole, 303 F.3d at 1111 (quoting
17 Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082,
18 1087 (9th Cir. 2000)).  Where a defendant's alleged acts were
19 "'performed for the very purpose of having their consequences
20 felt in the forum state,'" the express aiming requirement is met.
21 Dole, 303 F.3d at 1112 (quoting Brainerd v. Governors of the
22 Univ. of Alberta, 873 F.2d 1257, 1259-60 (9th Cir. 1989)).  "The
23 inducement of reliance in California is a sufficient act within
24 California to satisfy the requirement of minimum contacts where
25 the cause of action arises out of that inducement."  Data Disc,
26 557 F.2d at 1288; see Wien Air Alaska, Inc. v. Brandt, 195 F.3d

1  208, 212 (5th Cir. 1999) (purposeful availment requirement
2  satisfied where foreign attorney made fraudulent
3  misrepresentations to client in the forum in letters, faxes, and
4  phone calls).

5      Plaintiff's allegation that Pietsch intentionally
6  misrepresented the airworthiness of the Aircraft, and the
7  thoroughness of the inspection, to induce Plaintiff to complete
8  the purchase evinces conduct targeted at Plaintiff in the forum.
9  That the telephone representations were Pietsch's "only
10 connection . . . with California" does not affect the purposeful
11 direction analysis.  Pietsch Decl. ¶ 6.  The Court finds that
12 Plaintiff has made a prima facie showing that Pietsch's alleged
13 conduct was aimed at California.

          **c.  Harm in the Forum**

15     The Ninth Circuit has not decided the degree of harm that
16 defendant must cause in the forum state to meet the effects test.
17 Dole, 303 F.3d at 1112-13.  A line of Ninth Circuit authority
18 requires that "the brunt of the harm" occur within the forum
19 state.  See id. at 1112; Core-Vent Corp. v. Nobel Indus. AB, 11
20 F.3d 1482, 1486 (9th Cir. 1993).  These cases appear to be in
21 tension with a Supreme Court holding that any significant amount
22 of harm in the forum is sufficient.  See Keeton v. Hustler
23 Magazine, 465 U.S. 770, 772-73, 104 S. Ct. 1473, 79 L. Ed. 2d 790
24 (1984); Dole, 303 F.3d at 1113.  Here, as in Dole, we need not
25 decide between these standards because under either standard, the
26 harm Plaintiff suffered in California is sufficient.  See Dole,

303 F.3d at 1113.

Plaintiff is a California resident.  He contends that Pietsch's representations and omissions induced him to buy a plane that was not airworthy and to pay for Pietsch's inspection services.  Plaintiff suffered all of the harm — spending money and receiving a poorly functioning plane — in the forum state, where he resides.  See Dole, 303 F.3d at 1114 (forum resident that defendant induced to approve an injurious transaction suffered harm in the forum).  The Court finds that Plaintiff has alleged sufficient harm in California to establish purposeful availment.

**2.   Relationship Between Lawsuit and Defendant's California Activities**

The Ninth Circuit employs a "but for" test to determine whether a claim arises from forum-related activities.  Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995).  The question is whether, but for Pietsch's contacts with California, Plaintiff's claims would have arisen.  Because all of Plaintiff's claims against Pietsch arise out of representations it made to Plaintiff in California, the "but for" test is satisfied with respect to Plaintiff's claims for fraud and deceit.

**3.   Reasonableness**

The Ninth Circuit has listed seven factors to balance to determine whether jurisdiction is reasonable:

> the extent of purposeful interjection, the burden on the defendant to defend the suit in the chosen forum, the extent of conflict with

11

> the sovereignty of the defendant's state, the forum state's interest in the dispute; the most efficient forum for judicial resolution of the dispute; the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and the existence of an alternative forum.

Amoco Egypt Oil Co. v. Leonis Navigation Co., 1 F.3d 848, 851 (9th Cir. 1993). Once a court has decided that the defendant has minimum contacts with the forum, the defendant bears the burden to "'present a compelling case' that the exercise of jurisdiction would, in fact, be unreasonable." Id. at 851-52 (quoting Shute v. Carnival Cruise Lines, 897 F.2d 377, 386 (9th Cir. 1990), rev'd on other grounds, 499 U.S. 585, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991) (quoting Burger King, 471 U.S. at 477)).

Pietsch does not dispute the reasonableness of jurisdiction in California, other than to argue that it did not purposefully avail itself of the forum. As the Court held above, Plaintiff has made a prima facie showing that Pietsch reached out to California and committed an intentional tort. Pietsch's alleged intentional misrepresentation to Plaintiff of the condition of the Aircraft is a strong indication that personal jurisdiction is reasonable. Pietsch has not made a "compelling" showing that California would be an unreasonable forum. See Amoco Egypt, 1 F.3d at 851-52.

Accordingly, the Court holds that personal jurisdiction over Pietsch is appropriate with respect to the intentional tort claims.

12

### C. Pendent Personal Jurisdiction

Where a district court has jurisdiction over certain claims against a party, but not others, it has discretion to exercise pendent personal jurisdiction over the other claims. CE Distrib., LLC v. New Sensor Corp., 380 F.3d 1107, 1113 (9th Cir. 2004) (district court properly exercised pendent jurisdiction over contract claim based on personal jurisdiction over intentional tort claim). A court may require a party to defend a claim that lacks an independent basis of personal jurisdiction if it "'arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction.'" Id. (quoting Action Embroidery v. Atl. Embroidery, 368 F.3d 1174, 1180 (9th Cir. 2004)).

Plaintiff has pleaded four causes of action against Pietsch: the Second Cause of Action for Fraud and Deceit — Intentional Misrepresentation of Fact; the Third Cause of Action for Fraud and Deceit — Negligent Misrepresentation of Fact; the Fourth Cause of Action for Fraud and Deceit — Suppression of Fact; and the Fifth Cause of Action for Fraud and Deceit — Fraud in Sale of Personal Property. Pietsch's alleged intentional acts toward the forum establish personal jurisdiction over it for the intentional tort claims only: the Second, Fourth, and Fifth Causes of Action. The Negligent Misrepresentation claim, however, arises out of a common nucleus of fact. All claims concern communications and other conduct surrounding Pietsch's inspection of the Aircraft. The intentional tort claims, like the other

1 claims, depend on the content of the alleged representations
2 Pietsch made about the Aircraft, whether the representations were
3 accurate, and the state of Aircraft when inspected.  Therefore,
4 "[w]hether to exercise pendent personal jurisdiction is committed
5 to the sound discretion of the district court."  CE Distrib., 380
6 F.3d at 1113.

7 Considerations of "judicial economy, avoidance of piecemeal
8 litigation, and overall convenience of the parties" are served by
9 retaining jurisdiction over the all of the claims against
10 Pietsch.  See Action Embroidery, 368 F.3d at 1181.  Otherwise
11 Plaintiff and Pietsch could be faced with litigation in multiple
12 fora, with certain claims remaining before this Court and other
13 claims properly brought elsewhere.  Simultaneously litigating a
14 claim based on negligent misrepresentation in North Dakota, for
15 example, and the claims based on intentional misrepresentation in
16 this Court would be unnecessarily burdensome to both the
17 litigants and the courts.  If, however, the Court grants
18 jurisdiction and then the intentional tort claims fail as a
19 matter of law, the remaining claims may be dismissed for lack of
20 personal jurisdiction.  See Rosenberg v. Seattle Art Museum, 42
21 F. Supp. 2d 1029, 1038 (W.D. Wash. 1994).

22 **ACCORDINGLY**, Pietsch's Motion for Dismissal for Lack of
23 Jurisdiction is DENIED.

24

25 IT IS SO ORDERED.

26 **Dated:  April 5, 2006**                        **/s/ Robert E. Coyle**

14

1  810ha4                              UNITED STATES DISTRICT JUDGE

15